IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM VICTOR, | : | |
| | : | |
| Plaintiff | : | Civil No. 3:12-CV-282 |
| | : | |
| v. | : | (Judge Nealon) |
| | : | |
| OFFICER HUBER, et al., | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants | : | |

MEMORANDUM ORDER AND
REPORT AND RECOMMENDATION

## I.   INTRODUCTION

William Victor, an inmate in the custody of the Pennsylvania Department of
Corrections, is currently housed within the Special Management Unit at the State
Correctional Institution at Camp Hill ("SCI-Camp Hill"). Victor initiated this action on
February 13, 2012, by filing a *pro se* complaint. (Doc. 1, Compl.) Victor's current
complaint arises out of a prior civil complaint, and constitutes the latest litigation in an
ongoing legal saga involving Victor and his jailers. This legal saga began in 2008 when
Victor filed a civil complaint which alleged that on June 28, 2008, he was assaulted by
corrections officers while being moved between cells in the Restricted Housing Unit
("RHU") at SCI-Huntingdon. Victor v. Lawler, No. 3:08-CV-1374. Victor's jaw was
allegedly broken in this assault, requiring medical treatment outside the prison. This
2008 case is currently scheduled for trial in May of this year.

Victor's latest complaint alleges that one of the remaining defendants in his 2008 lawsuit formerly worked at SCI-Camp Hill.  On the basis of this assertion, Victor identifies a series of actions which he alleges have taken place at SCI-Camp Hill that he regards as retaliatory against him based upon his pending lawsuit against a former Camp Hill correctional officer.  Many of these allegations relate to disciplinary proceedings brought against Victor at Camp Hill after it was alleged that a home-made knife was found concealed in Victor's legal papers.[1]  (Doc. 1, Compl.)

While the thrust of Victor's current allegations focus on the allegedly retaliatory actions of SCI-Camp Hill correctional staff, defendants that Victor claims directly harmed him, Victor's complaint also named nine supervisory and investigative prison officials as defendants, but included no allegations that these defendants were personally involved in any alleged wrongdoing.  After screening the complaint pursuant to 28 U.S.C. § 1915, on February 28, 2012, we issued a report recommending, *inter alia*, that the district court dismiss Victor's claims against these nine supervisory or investigative defendants without prejudice to Victor filing an amended complaint within 20 days of any dismissal order.  (Doc. 4.)  On March 19, 2012, the district court adopted this report and recommendation, and dismissed the nine supervisory defendants without prejudice

---

[1] On March 2, 2012, Victor tendered the $350 filing fee to the Clerk of Court.  Accordingly, Victor is not proceeding in this action *in forma pauperis* and has not requested leave to do so.

to Victor renewing his claims against them by filing an amended complaint within 20 days.  (Doc. 9.)

On March 28, 2012, Victor filed a "motion for relief" in which he requests that he be permitted to withdraw his claims set forth in "Claim #5" of the complaint, which includes his claims against the nine supervisory defendants dismissed by the district court.  (Doc. 10.)  In addition, Victor requests that the Court direct that the complaint be served on the remaining defendants to permit the litigation to proceed with respect only to the "remaining Claims 1-4."  (Id.)  We interpret this filing to indicate that Victor has declined the district court's invitation to amend his complaint with respect to the supervisory defendants, and that he is now seeking to be relieved of his obligation to serve the complaint upon the remaining defendants, notwithstanding the fact that he has not sought leave to proceed *in forma pauperis* in this action.

In addition, notwithstanding the fact that Victor has never served a copy of the complaint upon any defendant in order to provide notice of this cause of action, Victor has filed a motion for a preliminary injunction concerning entirely new and distinct allegations of misconduct from those alleged in the complaint.  (Doc. 5.) Victor alleges that this misconduct, which he asserts constitutes retaliation for his various litigation against corrections officers, was committed by third parties who are not named as defendants in this action, as well as by certain of the named defendants.  (Doc. 6.)

Upon consideration, and for the reasons explained below, we will enter an order granting Victor's motion to limit his claims to those set forth in the original complaint with the exception of "Claim #5," which has been dismissed.  However, in the interest of clarity, we will require the plaintiff to file an amended complaint as a standalone document that includes only those claims that the plaintiff wishes to advance, and which have not been dismissed by the district court.  In addition, we will deny without prejudice the plaintiff's motion to have the Court effect service of the amended complaint.

We will also separately recommend that the district court deny Victor's motion for a preliminary injunction, without prejudice.

## II.    DISCUSSION

### A.    Plaintiff's Request to Limit His Complaint to Claims Alleged, and Request to Have the Court Effect Service on the Remaining Defendants.

As noted, we will grant Victor's request to limit his claims to those set forth in his original complaint, with the exception of "Claim #5," which has been dismissed and which he has indicated an intention to abandon.  However, to ensure that the defendants – none of whom have been served – are placed on clear notice of the claims actually brought against them, we will require the plaintiff to file an amended complaint as a standalone document that names only those defendants that the plaintiff intends to sue, clearly sets forth only those claims that Victor wishes to advance, and omits the claims that the district court has found to be wanting and which Victor has indicated an intention to abandon.

In addition, we will at this time deny Victor's request to have the Court bear the burden of ensuring that the amended complaint is properly served upon the remaining defendants.  First, because we will require Victor to file an amended complaint, there is, at present, no complaint to serve upon any defendants.

Furthermore, as noted above, Victor has paid the $350 filing fee required to initiate this action in federal court.  At no point has Victor moved for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), and thus has not submitted any

documentation that would enable the Court to determine whether Victor would currently qualify to proceed *in forma pauperis*.  In addition, Victor has not explained why he is requesting the Court's assistance in effecting service of the complaint upon the remaining defendants.

Section 1915(a) of Title 28 of the United States Code provides in relevant part as follows:

> **(a)(1)** Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person *who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor*. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> **(2)** A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), *shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined*.

28 U.S.C.A. § 1915(a)(1)-(2) (emphasis added).  Notwithstanding this clear statutory directive, Victor has not moved for leave to proceed *in forma pauperis*, and has not submitted the required affidavit and copy of his trust fund account statement to show that

he lacks the means to serve the complaint upon the defendants he has named in this case. Accordingly, at this time there is no basis for the Court to permit the Plaintiff to proceed *in forma pauperis*.

Because the plaintiff has never requested permission for leave to proceed *in forma pauperis*, and because he instead paid the required filing fee, the Court has, to date, not undertaken to serve the complaint upon the defendants.  Accordingly, the defendants have not yet been served, and no counsel has entered an appearance on behalf of any defendant.

We recognize that Rule 4(c)(3) of the Federal Rules of Civil Procedure authorizes federal courts to order that service be made by a United States marshal or other person appointed by the Court upon request by a plaintiff.  Fed. R. Civ. P. 4(c)(3).  However, at this time we do not find that the plaintiff has sufficiently supported his request to have the Court direct service to be made in this case.  Instead, Victor has done nothing more than request that the Court effect service on the remaining defendants, without explaining why the Court's assistance is being requested, or why such assistance or warranted.  Thus, although we are permitted to grant this relief, we will require the plaintiff to do more before we embrace this bare request, particularly because, given the volume of inmate litigation pending in this district, the Court is frequently called upon to direct the United States Marshal to effect service, and we wish to limit the burdens to

which we place that office in these matters unless required or clearly warranted.[2]

## B.   Plaintiff's Motion for Preliminary Injunctive Relief Should Be Denied Without Prejudice.

Finally, given the inchoate posture of this action, and the considerable doubts we have concerning the notice that interested parties may have been given, Victor's motion for preliminary injunctive relief against defendants and unnamed third parties is premature and should be denied without prejudice to refiling after sufficient notice of this action and Victor's various claims has been provided.

### 1.   Preliminary Injunction Rule 65– The Legal Standard.

Inmate *pro se* pleadings, like those filed here, which seek extraordinary, or emergency relief, in the form of preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure and are judged against exacting legal standards.  As a threshold matter, and a basic consideration of due process, the Federal Rules of Civil Procedure make it clear that, among the other requirements for this extraordinary form of relief, "[t]he court may issue a preliminary injunction ***only on notice to the adverse party***." Fed. R. Civ. P. 65(a)(1) (emphasis added).  In this case, it appears that no party

---

[2] In cases where a plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, Rule 4(c)(3) requires courts to order that service be made by the United States Marshal, a deputy marshal, or other person specially appointed by the court.  Fed. R. Civ. P. 4(c)(3).  However, the rule only permits, but does not mandate, this relief in other cases where a plaintiff requests court assistance with service.  Id.

has received proper notice of this civil action, let alone the plaintiff's request for preliminary injunctive relief which, in many respects, includes allegations against non-parties and seeks relief distinct and unrelated to the claims set forth in the complaint itself.

Although Victor filed a certificate of service in which he attests that he served a copy of the motion for preliminary injunction upon "the defendants," (id.) it is not clear exactly who Victor served given that some of the individuals named in the preliminary injunction are not, in fact, defendants in this action. Additionally, Victor allegedly served the motion upon "the defendants" before the district court an order dismissing Victor's claims against nine of the originally named defendants. Accordingly, we find as an initial matter that preliminary injunctive relief would be inappropriate given that the parties implicated in Victor's motion for injunctive relief have never been served with the complaint in this case, and we have considerable doubts regarding the adequacy of the notice that some of the interested parties received with respect to Victor's motion for a preliminary injunction.

But aside from this threshold consideration regarding the lack of proper notice to interested parties, Victor's motion fails for a host of additional reasons.

As the United States Court of Appeals for the Third Circuit has explained: "Four factors govern a district court's decision whether to issue a preliminary injunction: (1)

whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief, (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994) (quoting  SI Handling Systems, Inc. v. Heisley, 753 F.2d 1244, 1254 (3d Cir. 1985)). See also Highmark, Inc. v. UPMC Health Plan, Inc., 276 F.3d 160, 170-71 (3d Cir. 2001); Emile v. SCI-Pittsburgh, No. 04-974, 2006 WL 2773261, *6 (W.D.Pa. Sept. 24, 2006)(denying inmate preliminary injunction).

A preliminary injunction is not granted as a matter of right. Kerschner v. Mazurkewicz, 670 F.2d 440, 443 (3d Cir. 1982) (affirming denial of prisoner motion for preliminary injunction seeking greater access to legal materials). It is an extraordinary remedy. Given the extraordinary nature of this form of relief, a motion for preliminary injunction places precise burdens on the moving party. As a threshold matter, "it is a movant's burden to show that the 'preliminary injunction must be the only way of protecting the plaintiff from harm.' " Emile, 2006 WL 2773261, at * 6 (quoting Campbell Soup Co. v. ConAgra, Inc., 977 F .2d 86, 91 (3d Cir.1992)). Thus, when considering such requests, courts are cautioned that:

> "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis deleted). Furthermore, the Court must recognize that an

"[i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case." Plain Dealer Publishing Co. v. Cleveland Typographical Union # 53, 520 F.2d 1220, 1230 (6th Cir.1975), cert. denied, 428 U.S. 909 (1977). As a corollary to the principle that preliminary injunctions should issue only in a clear and plain case, the Court of Appeals for the Third Circuit has observed that "upon an application for a preliminary injunction to doubt is to deny." Madison Square Garden Corp. v. Braddock, 90 F.2d 924, 927 (3d Cir.1937).

Emile, 2006 WL 2773261, at *6.

Accordingly, for an inmate to sustain his burden of proof that he is entitled to a preliminary injunction under Fed.R.Civ.P. 65, he must demonstrate both a reasonable likelihood of success on the merits, and that he will be irreparably harmed if the requested relief is not granted. Abu-Jamal v. Price, 154 F.3d 128, 133 (3d Cir. 1998); Kershner, 670 F.2d at 443. If the movant fails to carry this burden on either of these elements, the motion should be denied since a party seeking such relief must "demonstrate *both* a likelihood of success on the merits and the probability of irreparable harm if relief is not granted." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989)(emphasis in original), (quoting Morton v. Beyer, 822 F.2d 364 (3d Cir. 1987)).

These limitations on the power of courts to enter injunctions in a correctional context are further underscored by statute. Specifically, 18 U.S.C. §3626 limits the authority of courts to enjoin the exercise of discretion by prison officials, and provides that:

11

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C.A. § 3626(a)(1)(A).

With respect to preliminary injunctions sought by inmates, courts are also instructed that:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity . . . in tailoring any preliminary relief.

18 U.S.C.A. § 3626(a)(2).

Furthermore, several other basic legal tenets guide our discretion in this particular case, where an inmate: (1) seeks to enjoin a wide array of non-parties; (2) requests injunctive relief of a presumably permanent nature without first fully exhausting administrative remedies; and (3) requests relief which goes beyond merely preserving the *status quo* in this litigation, but seeks to impose new, mandatory conditions on prison officials. Each of these aspects of Victor's prayer for injunctive relief presents separate

12

problems and concerns.

For example, an injunction against non-parties, like the injunction sought here, requires a specific legal showing. To the extent that Victor seeks to enjoin non-parties in this litigation it is clear that: "[a] non-party cannot be bound by the terms of an injunction unless the non-party is found to be acting 'in active concert or participation' with the party against whom injunctive relief is sought. Fed.R.Civ.P. 65(d)." Elliott v. Kiesewetter, 98 F.3d 47, 56 (3d Cir. 1996).

Further, where the requested preliminary injunction "is directed not merely at preserving the *status quo* but...at providing mandatory relief, the burden on the moving party is particularly heavy." Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980). Mandatory injunctions should be used sparingly. United States v. Price, 688 F.2d 204, 212 (3d Cir. 1982). Thus,  a request for some form of mandatory proactive injunctive relief in the prison context "must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." Goff v. Harper, 60 F.3d 518 (3d Cir. 1995).

With these considerations in mind, we find that Victor has not demonstrated that preliminary injunctive relief is warranted in this case.  First, as we noted, Victor has failed to properly serve this action upon the defendants, and we thus have serious concerns about the adequacy of the notice provided to the adverse parties who would be

affected by the preliminary relief sought.  Thus, as a threshold matter, preliminary injunctive relief is inappropriate since Rule 65 provides that this extraordinary form of relief may only be ordered following notice to the adverse party.

Moreover, in his motion for injunctive relief, Victor seeks wide-ranging injunctive relief, sometimes of a permanent nature, including an order compelling the Department of Corrections to transfer Victor to another correctional facility, and requiring corrections officials to allow Victor to access his chosen quantity of legal property even after corrections officers found him in possession of dangerous contraband secreted within his legal paperwork in his prison cell.  In addition to inviting the Court to override the judgment and discretion of prison officials with respect to Victor's housing placement and access to legal property within the prison, Victor has also asked that the Court make a number of specific requirements of prison officials, by subpoenaing witnesses and compelling prison officials to secure and make available witness testimony, unspecified documents, and "video evidence."  (Doc. 5.)

Because Victor has failed to properly serve this action upon the defendants, and because we find that this lack of notice fatally undermines Victor's ability to satisfy his heavy burden of demonstrating that the relief sought is appropriate under the stringent standards applicable to preliminary injunctions sought by inmates, we will recommend that the motion for a preliminary injunction be denied without prejudice to Victor

14

renewing his request following appropriate notice to all other affected parties, and an opportunity for these parties to be heard.

### III.   **CONCLUSION**

#### A.   **Order**

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED THAT:

1.   Victor's "motion for relief" (Doc. 10) is GRANTED in part and DENIED in part.

2.   Plaintiff's request to have "Claim #5" stricken from the original complaint is GRANTED.

3.   On or before **Monday, April 16, 2012**, Plaintiff shall file an amended complaint as a standalone document that names only those defendants that the plaintiff intends to sue, clearly sets forth only those claims that Victor wishes to advance, and omits the claims that the district court has found to be wanting and which Victor has indicated an intention to abandon.

4.   Plaintiff's motion for the Court to serve his complaint upon the remaining parties is DENIED without prejudice to Plaintiff requesting this relief after he has filed an amended complaint.

5.   To the extent Victor wishes to request leave to proceed *in forma pauperis*

pursuant to 28 U.S.C. § 1915(a), and thus to have the Court undertake to serve the complaint upon the remaining defendants, he must file a motion seeking such relief, along with an affidavit and statement of his inmate trust account.

6.    To the extent that Victor does not intend to seek leave to proceed *in forma pauperis*, he remains responsible for ensuring that his complaint is properly served upon the remaining defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.  If the plaintiff continues to seek the Court's assistance in serving the complaint, he should include in any such request an explanation as to why the Court's assistance is necessary or warranted.

## B.    Recommendation

For the reasons explained above, IT IS HEREBY RECOMMENDED THAT the plaintiff's motion for preliminary injunctive relief (Doc. 10) be DENIED without prejudice to Victor renewing his request following appropriate notice to all other affected parties, and an opportunity for these parties to be heard.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of

a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

_**S/Martin C.  Carlson**_

Martin C. Carlson

United States Magistrate Judge

Dated: March 30, 2011.