## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM VICTOR,
      Plaintiff              :

                      :       CIVIL NO. 3:12-cv-00282

     v.                   :

                      :       (JUDGE NEALON)
CORRECTIONS OFFICER HUBBARD,  :       (MAGISTRATE JUDGE CARLSON)
et al.,                   

      Defendants      :

**FILED**
**SCRANTON**

**MAR 19 2012**

### MEMORANDUM

Per_____

DEPUTY CLERK

On February 13, 2012, Plaintiff, William Victor, initiated this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Magistrate Judge Martin C. Carlson conducted a preliminary review of the pro se Plaintiff's complaint and on February 28, 2012 recommended that nine (9) supervisory Defendants be dismissed from the action as Plaintiff has failed to allege personal involvement of wrongdoing on their behalf. (Doc. 4). In his Report and Recommendation ("R&R"), Magistrate Judge Carlson recommended that the supervisory Defendants be dismissed without prejudice and the Plaintiff be afforded the opportunity to correct these deficiencies by filing an amended complaint. (Doc. 4, pp. 21-22). The Magistrate Judge also recommended that the specific amount of unliquidated damages be stricken from the Plaintiff's complaint. (Doc. 4, p. 21). (Doc. 442). No objections have been filed and for the reasons set forth below, the R&R will be adopted.

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to

dispositive legal issues raised by the report. <u>Henderson v. Carlson</u>, 812 F.2d 874, 878 (3d Cir. 1987), <u>writ denied</u> 484 U.S. 837 (1987); <u>Garcia v. I.N.S.</u>, 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. <u>Cruz v. Chater</u>, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3.

After review, this Court finds no error in the R&R. Plaintiff's complaint does not contain specific factual allegations against the following supervisory and investigative supervisory prison officials: Secretary Wetzel, Deputy Secretary Smeal, Regional Secretary Murray, Superintendent Southers, Deputy Superintendent Henry, Special Management Unit Unit-Manager Chambers, Major Horner, the security captain, and James Barnacle, the head of the Department of Corrections Office of Professional Responsibility. <u>See</u> (Doc. 1). The Magistrate Judge correctly determined that Plaintiff cannot maintain a constitutional claim against these Defendants merely through a basis of <u>respondeat superior</u>, based on assertions that the Defendants failed to adequately investigate Plaintiff's grievances, or solely upon the decision to transfer him. (Doc. 4, pp. 8-13). Further, the Magistrate Judge properly concluded that Plaintiff has not set forth sufficient factual allegations to maintain a claim that the decision to transfer was retaliatory. (Doc. 4, pp. 14-19). The Undersigned also agrees with Magistrate Judge Carlson in that the specific dollar amount claimed for unliquidated damages should be stricken from the complaint.

(Doc. 4, p. 21). Accordingly, in a separate order to follow, the R&R will be adopted.

**Date:** March 19, 2012

_____
**United States District Judge**

3