**FILED SCRANTON**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MAY 1 4 2012

PER _____ DEPUTY CLERK

| | |
|---|---|
| WILLIAM VICTOR,<br>Plaintiff | |
| v. | CIVIL NO. 3:12-cv-00282<br><br>(JUDGE NEALON)<br>(MAGISTRATE JUDGE CARLSON) |
| CORRECTIONS OFFICER HUBBARD, et al.,<br>Defendants | |

## MEMORANDUM

On February 13, 2012, Plaintiff, William Victor, initiated this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Magistrate Judge Martin C. Carlson conducted a preliminary review of the pro se Plaintiff's complaint and on February 28, 2012 recommended that nine (9) supervisory Defendants be dismissed without prejudice and Plaintiff be afforded the opportunity to correct the deficiencies by filing an amended complaint. (Doc. 4). This Court adopted that recommendation by the Magistrate Judge on March 19, 2012. (Doc. 9). On March 28, 2012, Plaintiff filed a motion for injunctive relief and brief in support thereof requesting that claim five (5) of his complaint be withdrawn and that service of process be made on the remaining Defendants by this Court. (Docs. 10-11). On March 30, 2012, Magistrate Judge Carlson filed a Memorandum Order and Report and Recommendation (hereinafter "R&R") ordering that claim five (5) be stricken, that Plaintiff file an amended complaint, and that Plaintiff's request for service on the remaining Defendants be denied, and recommending that Plaintiff's motion for preliminary injunction be denied without prejudice until appropriate notice to all affected parties has been made. (Doc. 12). On April 2, 2012, Plaintiff filed another motion for preliminary injunction and a motion for order to show cause and a brief in support thereof seeking:

> injunctive relief, directing Defendants in above cases to appear before this court as well as produce documentary evidence to support Plaintiff's argument that he is entitled to relief . . . sanctions, separation from Defendants to secure protection of my legal property, and secure redress through access to the courts to adequately litigate my cases pending and to stop retaliatory and discriminatory treatment.

(Docs. 13-14). On April 6, 2012, Plaintiff filed an amended complaint which did not include claim five (5). (Doc. 16). On May 7, 2012, Plaintiff filed a letter with the Court informing Magistrate Judge Carlson that he had sent a copy of the amended complaint via certified mail to the Pennsylvania Department of Corrections General Counsel and asked "if this is accepted as proper service." (Doc. 17).

No objections have been filed to the Magistrate Judge's R&R and, for the reasons that follow, it will be adopted. Further, Plaintiff's second motion for preliminary injunction will also be denied without prejudice until appropriate notice to all affected parties has been made. Lastly, Plaintiff is advised that he has not properly served the Defendants in compliance with Federal Rule of Civil Procedure 4.

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously

affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3.

After review, this Court finds no error in the R&R. The Magistrate Judge granted Plaintiff's request to withdraw claim five (5) of his complaint but required Plaintiff to file an amended complaint for clarity. (Doc. 12, pp. 5 & 15). Also, Magistrate Judge Carlson denied Plaintiff's request for this Court to perform service of process as Plaintiff has not made any showing as to why service should be provided. (Doc. 12, pp. 6-8 & 16). Lastly, the Magistrate Judge recommended that Plaintiff's request for injunctive relief under Federal Rule of Civil Procedure 65 be denied without prejudice as Defendants have not been properly served or have notice of the motion. (Doc. 12, pp. 13-14 & 16). No objections having been filed and no error being ascertained, the R&R will be adopted.

In a letter of May 7, 2012 regarding service of process, Plaintiff informed the Court that he "SERVED THE DEFENDANTS IN ABOVE MATTER BY SENDING A COPY FOR EACH DEFENDANT TO THE PA D.O.C. OFFICE OF GENERAL COUNSEL . . . VIA CERTIFIED MAIL WHICH I FILED TO THIS COURT SAME DAY." (Doc. 17, p. 1). However, the Clerk's Office has not received a certified mail receipt and there is no evidence that both a summons and the amended complaint were received by the Office of Chief Counsel for the Pennsylvania Department of Corrections or that a waiver of service of summons was obtained in alternative to service of the summons. Plaintiff is advised that he has not properly executed service of process in accordance with Federal Rule of Civil Procedure 4. Accordingly,

for the same reasons that Magistrate Judge Carlson recommended denying Plaintiff's first motion for injunctive relief (Doc. 5), Plaintiff's second motion for injunctive relief will be denied without prejudice.

In a separate order to follow, the R&R (Doc. 12) will be adopted and Plaintiff's motions for injunctive relief (Doc. 10 & 13) will be denied.

**Date:** May 14, 2012          **United States District Judge**