## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM VICTOR,** | : | **Civil No. 3:12-CV-282** |
| | : | |
| **Plaintiff,** | : | **(Judge Nealon)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **C.O. HUBER, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

### MEMORANDUM OPINION AND ORDER

**I.    Statement of Facts and of the Case**

This case is a civil rights action filed by William Victor, a state prisoner presently incarcerated by the Department of Corrections at the State Correctional Institution at Forest ("SCI-Forest"). (Doc. 1.) On February 28, 2012, by Report and Recommendation, we recommended that several of the original named defendants be dismissed from this action. (Doc. 4.) This Report and Recommendation was adopted on March 19, 2012. (Doc. 9.) On March 30, 2012, the Court ordered that plaintiff's request to have a specific claim stricken from the complaint be granted, and plaintiff was further directed to file an amended complaint by April 16, 2012. (Doc. 12.)

Victor filed an amended complaint on April 6, 2012, (Doc. 16.), but then filed a motion for leave to file a supplemental complaint, along with a supporting brief. (Docs. 27, 28.)  Thus, Victor's complaint in this action continues to shift and change, and no ruling has been made regarding whether Victor should be permitted to submit yet another supplemental, amended complaint in this lawsuit.

On June 11, 2012, counsel entered an appearance on behalf of the defendants in this litigation.  Even though Victor has not yet concluded amendment of his pleadings, on June 15, 2012, the plaintiff served a list of requested discovery documents on the defendants.  (Doc. 32, Ex. A.)  The defendants have now moved to stay discovery, asserting that they intend to file a potentially dispositive motion in this matter.  (Doc. 32.)  For the reasons set forth below, this motion will be granted, and we will set a schedule for pre-discovery motions practice in this lawsuit.

## II.  Discussion

### A.  Guiding Principles Governing Discovery Motions Practice

Several basic guiding principles inform our resolution of the instant motion. At the outset, issues regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment.  It has long been held that decisions regarding discovery issues and motions to compel are "committed to the sound discretion of the district court."

DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974).  Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the court.  Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987).  Thus, a court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion.  Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).  This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters.  In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138,  2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

3

This broad discretion over discovery matters extends to decisions under Rule 26(c) relating to the issuance of protective orders limiting and regulating the timing of discovery.  Indeed, it is undisputed that: " '[t]he grant and nature of [a protective order] is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion.' Galella v. Onassis, 487 F.2d 986, 997 (2d Cir.1973) (citation omitted)." Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992).  One of these cardinal principles, governing the exercise of discretion in this field, is that the district court may properly defer or delay discovery while it considers a potentially dispositive pretrial motions.  See, e.g., James v. York County Police Dep't, 160 F. App'x 126, 136 (3d Cir. 2005); Nolan v. U.S. Dep't of Justice, 973 F.2d 843,849 (10th Cir. 1992); Johnson v. New York Univ. Sch. of Ed., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).  Briefly deferring discovery in such a case, while the court determines the threshold issue of whether a complaint has sufficient merit to go forward, recognizes a simple, fundamental truth:  Parties who file motions which may present potentially meritorious and complete legal defenses to civil actions should not be put to the time, expense and burden of factual discovery until after these claimed legal defenses are addressed by the court.  In such instances, it is clearly established that:

4

> "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.' " <u>In re Currency Conversion Fee Antitrust Litigation</u>, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (<u>quoting Chrysler Capital Corp. v. Century Power Corp.</u>, 137 F.R.D. 209, 209-10 (S.D.N.Y.1991)) (<u>citing Flores v. Southern Peru Copper Corp.</u>, 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); <u>Anti-Monopoly, Inc. v. Hasbro, Inc</u>., 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

<u>Johnson v. New York Univ. School of Educ.</u>, 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

Guided by these legal tenets we conclude that Victor's various discovery requests should be stayed at this time pending resolution of both Victor's motion to supplement his complaint, and the anticipated motion to dismiss that the defendants have stated they intend to file in this case. In this regard, we first note that Victor's motion to file a supplemental complaint, if granted, would significantly change the legal terrain of this lawsuit, and shape the proper scope of discovery in this matter. Similarly, the defendants have clearly stated that they intend to file a potentially dispositive motion in this case. This potentially dispositive motion may also redefine the scope of this litigation in ways which would profoundly affect discovery in this lawsuit. Where both parties are advancing motions which seek to fundamentally alter the legal landscape in a case, we conclude, consistent with settled case law, that:

> "[A] stay of discovery is appropriate pending resolution of [these] motion where the motion 'appear[s] to have substantial grounds' or,

5

stated another way, 'do[es] not appear to be without foundation in law.' " In re Currency Conversion Fee Antitrust Litigation, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y.1991)) ( citing Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); Anti-Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Therefore, we will defer further discovery pending resolution of these preliminary motions.

An appropriate order follows:

### III.   Order

Accordingly, for the foregoing reasons, the defendants' motion to stay discovery (Doc. 32) is GRANTED.

It is further ORDERED that the defendants shall file a response to the plaintiff's motion to file a supplemental complaint, (Doc. 27.), in accordance with Local Rule 7.6 on or before **July 16, 2012**.  Pursuant to Local Rule 7.7 the movant may then file a reply brief on or before **July 30, 2012**.

IT IS FURTHER ORDERED that the defendants shall file a motion to dismiss, or in the alternative, for summary judgment and brief on or before **July 30, 2012**.  The plaintiff shall file a response to the motion in accordance with Local Rule 7.6 on or before **August 20, 2012**.  Pursuant to Local Rule 7.7 the defendants may then file a

reply brief on or before **September 3, 2012**.  All briefs must conform to the requirements prescribed by Local Rule 7.8.

So ordered this 2nd day of July 2012.

**_S/Martin C. Carlson_**
Martin C. Carlson
United States Magistrate Judge