IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM VICTOR, | : | |
| | : | |
| Plaintiff | : | Civil No. 3:12-CV-282 |
| | : | |
| v. | : | (Judge Nealon) |
| | : | |
| OFFICER HUBER, et al., | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants | : | |

**MEMORANDUM ORDER**

**I.    INTRODUCTION**

The Plaintiff in this action, William Victor is an inmate in the custody of the Pennsylvania Department of Corrections, currently housed at the State Correctional Institution at Forest.  Victor commenced this litigation on February 13, 2012, alleging that prison personnel at the State Correctional Institution at Camp Hill violated a number of his civil rights in connection with prison disciplinary proceedings, or otherwise by retaliating against Victor in a variety of ways due to Victor's other lawsuits against other corrections officers.  (Doc. 1.)

Following our report and recommendation, the District Court entered an order on March 19, 2012, dismissing Victor's claims against a number of supervisory officials and striking specific dollar amounts alleged in the complaint. (Doc. 9.)  On April 6, 2012, Victor filed an amended complaint.  (Doc. 16.)  In the

amended complaint, Victor alleges claims against nine corrections officers or other prison personnel, alleging due process violations relating to prison misconduct proceedings held in January 2012; violations of his First, Fourth, Eighth, and Fourteenth Amendment rights relating to a search of his personal property and legal materials, and the seizure of certain of these articles; and claims of conspiracy relating to the alleged planting of a homemade knife in Victor's property, resulting in Victor receiving additional misconducts. (Id.)

On June 7, 2012, before counsel for the named Defendants had entered an appearance in this case, Victor sought entry of a court order permitting him to correspond with six inmates housed at SCI-Camp Hill once per month during the pendency of the lawsuit in order to secure statements from these inmates as witnesses. (Doc. 23.) Counsel for the Defendants entered an appearance in this case on June 11, 2012. (Doc. 25.) Apparently because he was never served with the motion, which was never briefed, Defendants' counsel never responded or objected to Victor's request to correspond with other witnesses. (Doc. 42.) Subsequently, on July 26, 2012, Victor's motion was granted, and we ordered that Victor be permitted to correspond with the named inmate-witnesses once per month during the litigation, subject to reasonable restrictions and monitoring. (Doc. 41.)

The day after this order was entered, Defendants moved for reconsideration, representing that counsel was never properly served with a copy of Victor's motion for leave to correspond with inmates, which was itself never briefed. (Doc. 42.) In their brief (Doc. 43.), Defendants represent that they wish to be heard on the motion, which they contend implicates legitimate institutional security concerns. For his part, Victor has never responded to the motion for reconsideration.

Upon consideration of the legal guidelines governing motions for reconsideration, and Victor's failure to respond, the motion will be granted and Defendants will be permitted to lodge any objections that they may have with respect to Victor's request to correspond with inmate witnesses within 21 days from the date of this order.

## II.   **DISCUSSION**

The legal standards that govern motions for reconsideration of prior Court rulings are both clear and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically, such a motion should only be granted in three narrowly defined circumstances, where a court finds: (1) that there has been an intervening change

in controlling law; (2) the availability of new evidence not previously available; or (3) a need to correct a clear error of law or prevent manifest injustice. Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251 (3d Cir. 2010) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

In consideration of this narrow standard, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge v. Susquehanna Univ., 796 F. Supp. 829, 830 (M.D. Pa. 1992). Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995). Moreover, a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F. Supp. at 830.

In this case, Defendants urge the Court to reconsider its prior ruling on the basis that they were not provided adequate service of the motion, which was never briefed, and thus did not have a fair opportunity to respond. Defendants' counsel thus represents that his appearance in this case following extensive litigation by Victor and the Court in this and other actions is the kind of significant change in the facts that merits reconsideration of the Court's order authorizing Victor to

4

correspond with other inmates.  Defendants seek permission to file a brief in opposition to Victor's motion within 21 days, in order to be heard on what they contend are legitimate security concerns implicated by Victor's correspondence with other inmates.

Upon consideration, we agree that Defendants should have an opportunity respond and lodge objections to the motion.  We further agree that our order was entered before Defendants' counsel had been served with reasonable notice of the motion or the relief sought, and we do not find that Victor will be unreasonably prejudiced by permitting Defendants to notify the Court of their specific objections to his proposed correspondence with other state inmates.  Finally, we observe that Victor has declined to respond to the motion for reconsideration, and this fact militates further in support of granting Defendants' motion and permitting Defendants to be heard on their objections.

### III.  ORDER

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED THAT Defendants' motion for reconsideration (Doc. 42.) is GRANTED.  The Court's order permitting Victor to correspond with DeShawn Jackson, Telly Royster, Tyree Davis, Ronshawn Jackson, Joshua Payne, and Michael Anderson is VACATED.

Defendants shall be permitted to file a brief in opposition to Victor's motion for leave to correspond with these inmate-witnesses within 21 days from the date of this order.  Plaintiff shall be permitted to file a reply brief in further support of his motion within 14 days of being served with a copy of Defendants' brief.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge