IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
FEB 26 2013
PER_____
DEPUTY CLERK

WILLIAM VICTOR,
  Plaintiff

v.

CORRECTIONS OFFICER HUBBARD,
et al.,
  Defendants

CIVIL NO. 3:12-cv-00282

(JUDGE NEALON)
(MAGISTRATE JUDGE CARLSON)

## MEMORANDUM

On February 13, 2012, Plaintiff, William Victor, initiated this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Magistrate Judge Martin C. Carlson conducted a preliminary review of the pro se Plaintiff's complaint and on February 28, 2012 recommended that nine (9) supervisory Defendants be dismissed without prejudice and Plaintiff be afforded the opportunity to correct the deficiencies by filing an amended complaint. (Doc. 4). This Court adopted that recommendation by the Magistrate Judge on March 19, 2012. (Doc. 9). On March 28, 2012, Plaintiff filed a motion for injunctive relief and brief in support thereof requesting that claim five (5) of his complaint be withdrawn and that service of process be made on the remaining Defendants by this Court. (Docs. 10-11). On March 30, 2012, Magistrate Judge Carlson filed a Memorandum Order and Report and Recommendation (hereinafter "R&R") ordering that claim five (5) be stricken, that Plaintiff file an amended complaint, and that Plaintiff's request for service on the remaining Defendants be denied, and recommending that Plaintiff's motion for preliminary injunction be denied without prejudice until appropriate notice to all affected parties has been made. (Doc. 12).

On April 6, 2012, Plaintiff filed an amended complaint against Defendants Ayers,

Chambers, Evans, Gardner, Huber, Little, Moslak, Reisinger, Richardson, and Rupinski. (Doc. 16). On June 18, 2012, Plaintiff filed a motion to file a supplemental complaint with allegations of other acts of retaliation and Constitutional violations by Department of Corrections employees since the filing of this action. (Doc. 27). All Defendants filed a motion to dismiss for failure to state a claim on July 20, 2012. (Doc. 38). Following briefs being filed, Magistrate Judge Carlson filed an R&R on November 29, 2012, recommending that Plaintiff's motion to file a supplemental complaint be granted but that Defendant's motion to dismiss also be granted. (Doc. 47). On December 10, 2012, Plaintiff filed objections to the R&R which are now ripe for disposition. (Doc. 48). For the reasons that follow, the R&R will be adopted.

**STANDARD OF REVIEW**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. §

636(b)(1)(C); Local Rule 72.3.

**DISCUSSION**

Plaintiff's amended complaint, filed on April 6, 2012, is the original complaint with the dismissed Defendants literally crossed-out, the date crossed-out and edited, the specific monetary demands crossed-out and edited, the removal of page three (3) which contained Plaintiff's original claim number five (5), and the removal of Plaintiff's exhibits. See (Docs. 1 & 16). Plaintiff's supplemental complaint[1], which he moves to file "to add a claim against other employees at SCI-Camp Hill who have violated [his] 1st and 8th & 14th Amendment rights since the filing" of this action, adds a claim against Defendants Huber and Chambers and unknowns John and Jane Doe. (Doc. 27). The claims alleged in the amended complaint and the supplemental complaint can be summarized[2] as follows: Defendants violated Plaintiff's due process rights regarding his misconduct hearings and Defendants conspired to retaliate against Plaintiff and to violate Plaintiff's rights by, inter alia, threatening him, illegally searching his cell, destroying his legal materials, planting a homemade knife in his personal property, bringing false misconduct reports against him, defacing his boots, and interfering with his mail. (Docs. 16 & 27).

In the R&R, the Magistrate Judge stated Plaintiff's history of retaliation claims, the allegations of the four claims set forth in the amended complaint, and the allegations contained in Plaintiff's proposed supplemental complaint. (Doc. 47, pp. 1-7). Magistrate Judge Carlson

---

[1]Like Magistrate Judge Carlson, the Undersigned will consider all of the allegations and claims set forth in both the amended complaint and supplemental complaint.

[2]A more detailed summary is contained in the R&R. (Doc. 47, pp. 3-7).

3

noted that Defendants did not argue substantively against Plaintiff's motion to file a supplemental complaint and recommended that the additional claim set forth in the supplemental pleading be included. (Doc. 47, p. 8, n.1). The Magistrate Judge also summarized the Defendants' arguments for dismissal and set forth the legal standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. (Doc. 47, pp. 6-13). Magistrate Judge Carlson concluded that Plaintiff has failed to state due process violations against the prison disciplinary hearing officers because Plaintiff failed to allege that he faced conditions in disciplinary custody that were an "atypical and significant hardship." (Doc. 47, p. 16-17), citing Griffin v. Vaughn, 112 F.3d 703, 705-07 (3d Cir. 1997) (ruling that fifteen months in segregation was not an atypical and significant hardship); Arango v. Winstead, 352 F. App'x 664, 666 (3d Cir. 2009); Fraise v. Terhune, 283 F.3d 506, 522-23 (3d Cir. 2002); Henderson v. Kerns-Barr, 313 F. App'x 451, 452 (3d Cir. 2008). As to Plaintiff's claim against the Defendant corrections officers that they brought false misconduct reports against Plaintiff in retaliation for his filing of claims, the Magistrate Judge noted that the "filing of false disciplinary charges does not itself violate a prisoner's constitutional rights, so long as procedural due process protections were provided." (Doc. 47, p. 19), citing Richardson v. Sherrer, 344 F. App'x 755, 757-58 (3d Cir. 2007). Magistrate Judge Carlson continued that Plaintiff's own pleadings disclose the existence of some evidence, the homemade knife/shank[3] found in his personal property, supporting the prison infraction making the summary dismissal of Plaintiff's retaliation claim appropriate as Plaintiff cannot demonstrate that he suffered an adverse action at the hands of

---

[3]Magistrate Judge Carlson acknowledged that Plaintiff alleges that the corrections officers planted this shank in his possessions but concluded that Plaintiff's pleadings acknowledge the existence of "some evidence" which support the prison infraction. (Doc. 47, p. 21).

4

prison officials. (Doc. 47, pp. 20-22).

The Magistrate Judge liberally construed Plaintiff's third claim regarding cell searches to be claims for an unlawful search, deprivation of property without due process, and unconstitutional interference with his right of access to the courts. (Doc. 47, p. 23). The Magistrate Judge explained that the United States Supreme Court has held that the search of a cell by prison officials does not violate the Fourth Amendment. (Doc. 47, p. 24), citing Doe v. Delie, 257 F.3d 309, 316 (3d Cir. 2001), citing Hudson v. Palmer, 468 U.S. 517, 529, 82 L. Ed. 2d 393, 104 S. Ct. 3194 (1984). With regard to the deprivation of property without due process, Magistrate Judge Carlson concluded that Plaintiff acknowledges the existence of an adequate administrative post-deprivation remedy within the prison system and therefore, those claims fail on their merits. (Doc. 47, pp. 25-26). As to Plaintiff being denied access to the courts, the Magistrate Judge cited the legal elements and concluded that Plaintiff could not establish that he suffered an actual injury or that he lost the chance to pursue legal claims or remedies or that any of the alleged actions taken by the officers had a demonstrable effect on his ability to litigate his claims. (Doc. 47, pp. 28-29). The Magistrate Judge noted the opposite: that Plaintiff has filed numerous claims and prosecuted a jury trial. (Doc. 47, pp. 28-29).

The Magistrate Judge also concluded that Plaintiff's conspiracy allegations are insufficient because the pleadings are devoid of plausible sufficient allegations of conspiracy but only contain Plaintiff's conclusory allegations. (Doc. 47, p. 30-32), citing Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991); Flanagan v. Shively, 783 F. Supp. 922, 928 (M.D. Pa. 1992).

Lastly, Magistrate Judge Carlson determined that Plaintiff cannot sustain a claim against

5

Defendant corrections officers solely on verbal harassment because it does not violate the Eighth Amendment. (Doc. 47, pp. 33-34), citing Robinson v. Taylor, 204 F. App'x 155, 156 (3d Cir. 2006).

In his objections, Plaintiff again makes general allegations of retaliatory actions and conspiracy, including comments, threats, and false misconduct reports, made by Defendants for Plaintiff's prior litigated cause of action. (Doc. 48, pp. 1-2). Plaintiff again alleges that Defendants searched his cell contents outside of his presence in violation of Department of Correction policy and destroyed his legal property. (Doc. 48, pp. 2 & 4). Plaintiff argues that Magistrate Judge Carlson wrongly concludes that a knife was found in Plaintiff's cell or that Plaintiff conceded this. (Doc. 48, p. 2). Plaintiff further argues that the Magistrate Judge improperly held him to a higher legal standard, misapplied the legal standard, made factual determinations, and failed to liberally construe the Plaintiff's pleadings. (Doc. 48, pp. 2-4). Plaintiff again argues that his due process rights were violated based on violations of the Pennsylvania Department of Corrections (Pa. D.O.C.) handbook regarding his misconduct hearing. (Doc. 48, p. 3). Particularly, Plaintiff alleges his rights, given to him by the Pa. D.O.C. handbook, were violated including the right to call witnesses, present evidence, and receive twenty-four (24) hours notice of the hearing. Id. Plaintiff also argues that his right to a fair hearing was violated and cites Wolff v. McDonnell, 418 U.S. 539, 556 (1974). (Doc. 48, pp. 3-4).

This Court recognizes that because "[p]risoners do not have a constitutional right to prison grievance procedures... [, the] alleged obstruction of such procedures is not independently actionable." Heleva v. Kramer, 214 Fed. Appx. 244, 247 (3d Cir. 2007). However, "[a] prisoner

facing the loss of a legally cognizable liberty interest following disciplinary proceedings has a due process right to certain procedural protections, including the opportunity to call witnesses and present documentary evidence." Dunbar v. Barone, 2012 U.S. App. LEXIS 14040, *8-9 (3d Cir. 2012) (addressing an inmate's claim that his procedural due process rights were violated when he was not permitted to call witnesses at his misconduct hearing), citing Wolff, 418 U.S. at 566-67. But, "this due process right is not triggered unless the prison 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Id. (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)).

At both misconduct hearings, the January 19, 2012 hearing with Defendant/Examiner Reisinger and the January 23, 2012 hearing with Defendant/Examiner Moslak, Plaintiff was found guilty of the misconduct charges and sanctioned to ninety (90) days disciplinary confinement for a total of one hundred and eighty (180) days disciplinary confinement. (Doc. 1, p. 7). Courts have repeatedly held that disciplinary confinement for longer than one hundred and eighty (180) days is not an atypical and significant hardship sufficient to implicate a liberty interest and trigger due process protections. See Crosby v. Piazza, 465 Fed. Appx. 168, 172 (3d Cir. 2012) (finding that two hundred and seventy (270) days disciplinary confinement did not impose an atypical or significant hardship); Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997) (finding that fifteen (15) months in segregation was not an atypical and significant hardship); Smith v. Mensinger, 293 F.3d 641, 654 (3d Cir. 2002) (holding that seven (7) months disciplinary confinement "does not, on its own, violate a protected liberty interest as defined in Sandin."). Accordingly, Plaintiff's alleged due process claims do not set forth viable claims and will be dismissed with prejudice.

Further, the Magistrate Judge correctly stated the standard to be applied with regard to Plaintiff's allegations that the hearing board erred for multiple reasons including that the misconduct charges were retaliatory and false, the knife was planted, and "the record lacked evidence of a weapon being in my legal property." (Doc. 47, p. 19); (Doc. 38, p. 4). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-56 (1985); see also Nifas v. Beard, 374 F. App'x 241, 244 (3d Cir. 2010) (holding prisoner's retaliatory disciplinary claims failed because there was "some evidence" for the prison hearing board's guilty findings), cert denied Nifas v. Wetzel, --U.S.--, 131 S.Ct. 2103, 179 L. Ed. 2d 901 (2011); Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994) (finding "some evidence" to support a prison disciplinary determination "checkmates" the prisoner's retaliation claim). Here, Defendant Moslak, in his January 23, 2012 Disciplinary Hearing Report[4], reported that he "believe[d] CO Heber's report over Victor's denial, that Victor did possess contraband that consisted of a 2½" piece metal stretch in between two envelopes," and concluded that a preponderance of the evidence existed to support the charge. (Doc. 1, p. 7). Defendant Reisinger, in his January 19, 2012 Disciplinary Hearing Report, reported that Plaintiff threatened Corrections Officers and refused several orders. (Doc. 1, p. 26). Defendant Reisinger concluded that a preponderance of evidence existed to support the charges. (Doc. 1, p. 26). The pleadings demonstrate that there was some evidence to support the prison hearing boards' findings, and, consequently, Plaintiff's retaliation claims with regard to the alleged false misconduct charges

---

[4]It appears from the report that Plaintiff was provided an additional twenty-four (24) hours but that on January 27, 2012, Victor entered the same written version that was entered on January 23, 2012. See (Doc. 1, p. 7).

8

fail.

As to Plaintiff's repeated allegations that Defendants searched his cell contents outside of his presence in violation of Department of Correction policy and that Defendants destroyed his legal property, (Doc. 48, pp. 2 & 4), Magistrate Judge Carlson correctly stated that prisoners do not have a Fourth Amendment right to privacy in their cells. (Doc. 47, p. 24) citing Doe v. Delie, 257 F.3d 309, 316 (3d Cir. 2001); see also Hudson v. Palmer, 468 U.S. 517, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984). The Magistrate Judge also properly concluded that Plaintiff's Fourteenth Amendment unlawful seizure of property claim failed as Plaintiff had adequate post-deprivation remedies available to him. (Doc. 47, p. 25), citing Monroe v. Beard, 536 F. 3d 198, 210 (3d Cir. 2008); see also Booth v. King, 228 Fed. Appx. 167, 170 (3d Cir. 2007).

Plaintiff objects that the Magistrate Judge wrongly concluded that a knife was found in Plaintiff's cell or that Plaintiff conceded this. (Doc. 48, p. 2). In this regard, Plaintiff argues that the Magistrate Judge improperly held him to a higher legal standard, misapplied the legal standard, made factual determinations, and failed to liberally construe Plaintiff's pleadings. (Doc. 48, pp. 2-4). Magistrate Judge Carlson concluded that a knife was in Victor's property. (Doc. 47, p. 14). The Undersigned agrees that this conclusion can be inferred from Plaintiff's allegations that Defendants planted a knife in his property. If Plaintiff is alleging that Defendants planted a knife in his property, it can be inferred that a knife was, at some point, in his property. When analyzing Plaintiff's due process claim regarding the prison board hearings, the Magistrate Judge concluded that the shank or knife existed, and that Victor seems to acknowledge it exists, and that this constitutes the required "some evidence" for the guilty finding. (Doc. 47, pp. 22-23). The Magistrate Judge further concluded that because of this there is enough evidence in the

pleadings that discovery on the matter and summary judgment motions practice is not needed. (Doc. 47, p. 22).

Plaintiff has attached the Disciplinary Hearing Reports, Misconduct Reports, and Witness Statements to his complaint as part of his pleadings. (Doc. 1). Based on these documents, even without the inference made by the Magistrate Judge regarding the presence of the knife, discovery is not needed for a determination as to whether there was "some evidence" supporting the hearing examiners' findings. See Speight v. Minor, 245 F. App'x 213, 217 (3d Cir. 2007) (determining a motion to dismiss on the pleadings that "the disciplinary hearing record, specifically the charging officer's report, although meager, constitutes some evidence supporting the DHO's decision"). Accordingly, it is determined that the Magistrate Judge did not improperly make factual determinations or apply the wrong legal standard. Plaintiff's objections will be overruled.

In a separate order to follow, the R&R (Doc. 47) will be adopted, Plaintiff's objections (Doc. 48) will be overruled, and Defendants' motion to dismiss (Doc. 38) will be granted.

Date: February 26, 2013

United States District Judge